UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

    Plaintiff,

  v.                                              Case No. 18-CR-120

**JORDAN A. KUBASIAK,**

    Defendant.

---

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION TO SUPPRESS

---

On June 5, 2018, a grand jury in this district charged Jordan Kubasiak with committing arson to a building used in interstate commerce in violation of 18 U.S.C. § 844(i). Kubasiak has pled not guilty and a jury trial before the Honorable Pamela Pepper is scheduled for October 15, 2018.

Before me is Kubasiak's motion to suppress evidence obtained from video surveillance. Specifically, Kubasiak asserts that a video camera, which was installed in his neighbor's home and surveilled activities in his backyard, constituted a warrantless search in violation of the Fourth Amendment. For the reasons explained below, I recommend Kubasiak's motion to suppress be denied.

### BACKGROUND

Kubisiak did not request an evidentiary hearing. The facts, which appear to be uncontested, are from Kubiasiak's motion.

In October 2017, law enforcement installed cameras to monitor Kubasiak's residence. (Defendant's Brief in Support of Motion to Suppress ("Def.'s Br.") at 1, Docket # 31.) One of the cameras was placed inside the home of Kubasiak's neighbor, "whose house is directly behind Kabasiak's at 229 South Claremont Road." (*Id.*) The camera was faced toward Kubasiak's home and recorded the activity of his backyard. (*Id.*) Kubasiak attached a Google Map photo of his residence from an aerial vantage point. (Def.'s Br., Exh. A, Google Map Photo, Docket # 31-1.)

## ANALYSIS

The Fourth Amendment protects citizens from unreasonable searches and seizures. To determine whether an unreasonable search occurred, a court must consider whether a trespass by law enforcement, occurred, or whether an individual's reasonable expectation of privacy was violated by law enforcement. *United States v. Jones*, 565 U.S. 400, 408-409 (2012). While the government bears the burden of justifying a warrantless search, a defendant objecting to a search bears the burden of showing a legitimate expectation of privacy in the area searched. *United States v. Villegas*, 495 F.3d 761, 767 (7th Cir. 2007). A legitimate expectation of privacy exists when (1) the individual exhibits a subjective expectation of privacy and (2) the individual's expectation of privacy "is one that society is prepared to recognize as reasonable." *United States v. Yang*, 478 F.3d 832, 835 (7th Cir. 2007) (citing *Katz v. United States*, 389 U.S. 347, 361 (1967)). Courts typically extend the greatest protection to the home, which includes both the residence structure and the home's curtilage, i.e. the area outside the home itself, but so close to and intimately connected with the home and the activities that normally go on there, that it can reasonably be considered part of the home. *Bleavins v. Bartels*, 422 F.3d 445, 450-51 (7th Cir. 2005).

However, a person does not have a reasonable expectation of privacy in what he knowingly exposes to the public, even in his own home. *California v. Ciraolo*, 476 U.S. 207, 213 (1986). In *Ciraolo*, the Supreme Court stated:

> That the area is within the curtilage does not itself bar all police observation. The Fourth Amendment protection of the home has never been extended to require law enforcement officers to shield their eyes when passing by a home on public thoroughfares. Nor does the mere fact that an individual has taken measures to restrict some views of his activities preclude an officer's observations from a public vantage point where he has a right to be and which renders the activities clearly visible.

476 U.S. at 213. Further, courts have held that police may use technology to enhance or substitute for surveillance what they could lawfully conduct themselves. *See United States v. Knotts*, 460 U.S. 276, 282 (1983) ("Nothing in the Fourth Amendment prohibited the police from augmenting the sensory faculties bestowed upon them at birth with such enhancement as science and technology afforded them in this case.").

In this case, it is undisputed that the camera used to surveille Kubasiak's backyard was not installed on his property, rather on his neighbor's property. Thus, because a physical trespass of Kubasiak property did not occur, the question is whether the video surveillance violated Kubasiak's reasonable expectation of privacy. Kubasiak makes two interrelated arguments for suppression. First, Kubasiak argues that his backyard is curtilage, part of his house, in which he maintains a reasonable expectation of privacy. Second, Kubasiak asserts that the four month surveillance violates the Fourth Amendment because he has a reasonable expectation of privacy in the aggregate record of his historical activities. I will address each in turn.

Kubasiak is correct that the home's curtilage, like the home itself, is protected by the Fourth Amendment. But what a person knowingly exposes to the public, nosey neighbors,

passerbys, law enforcement—even from his own home—is not protected by the Fourth Amendment. Here, other than submitting a Google Map photo of the residence from an aerial vantage view and asserting that the yard would not be observable by a casual passerby, Kubasiak submitted no evidence on which I can find that the video camera captured what was otherwise not exposed to public view. While the Google Map photo shows trees adjacent to the backyard, the record is void of other relevant information such as: the height of the fence, what can be seen of the yard from the adjacent street, the capabilities of the camera (i.e. whether the camera could zoom, record audio, record in color etc.), and what can be seen of the yard from the neighbor's property. Thus, this is not like *United States v. Cuevas-Sanchez*, 821 F.2d 248 (5th Cir. 1987), cited by Kubasiak, where the record showed that agents used a camera to observe activity that would otherwise be hidden by a fence. On the record in this case, Kubasiak has not shown that law enforcement violated his reasonable expectation of privacy when they used a video camera mounted on his neighbor's property to observe activities in his yard.

Next, citing to *Jones* and *Carpenter v. United States*, 138 S. Ct. 2206, 2216 (2018), Kubasiak argues that he has a reasonable expectation of privacy in the mosaic or aggregate historical activities which the 24-hour recorded video surveillance captured. In *Jones*, the Supreme Court held that law enforcement attaching a GPS device to defendant's car and monitoring his movements constituted a warrantless search in violation of the Fourth Amendment. *Id*. at 402. Kubasiak's argument regarding the mosaic or aggregate effect of video surveillance rests on the two concurring opinions in *Jones*. In his concurrence, Justice Alito (joined by Justices Ginsburg, Breyer, and Kagan) concludes that while "relatively short-term monitoring of a person's movements on public streets accords with expectations

4

of privacy that our society has recognized as reasonable, the use of longer term GPS monitoring in investigations of most offenses impinges on expectations of privacy." 565 U.S. at 430 (Alito, J., concurring). In her concurrence, Justice Sotomayor explicitly agreed with that conclusion, *id*. at 416, and even the majority left open the possibility that four weeks of continuous surveillance achieved through electronic means "is an unconstitutional invasion of privacy," *Id*. at 412.

In *Carpenter*, the Supreme Court held that the Fourth Amendment required a warrant for the government to obtain a person's historical cell-site records. *Carpenter*, 138 S.Ct. at 2223. The Court noted that tracking a person's movements through cell-site records was similar to tracking a person through GPS. "It is detailed, encyclopedic, and effortlessly compiled." *Carpenter*, 138 S. Ct. at 2209. The Court further noted that historical cell-site records present even greater privacy concerns than GPS monitoring because it allows the government "near perfect surveillance and allow it to travel back in time to retrace a person's whereabouts, subject only to the five-year retention policies of most carriers." *Id*. at 2210.

Kubasiak is correct that in both *Jones* and *Carpenter*, the Supreme Court has expressed concerns about the evolving reach of technology in law enforcement surveillance and the aggregate information emerging technologies allow the government to collect. However, neither *Jones* nor *Carpenter* specifically speak to the surveillance, a video camera mounted on a neighbor's property, involved in this case. In fact, the video camera surveillance here is rather low technology, conventional surveillance, compared to the GPS in *Jones* and cell phones in *Carpenter*. More importantly, despite continuing to express the concerns about technology-aided surveillance discussed in *Jones*, in *Carpente*r the Court was

5

Case 2:18-cr-00120-PP   Filed 08/23/18   Page 5 of 7   Document 39

clear to state that its decision is "narrow." The Court emphasized that it "does not express a view on matters not before the Court . . . or call into question conventional surveillance techniques and tools, such as security cameras. . . ." *Id*. Thus, neither *Jones* nor *Carpenter* are expressed authority to find that the mosaic or aggregate information obtained through the video surveillance here violated the Fourth Amendment.

Additionally, I have not found any Seventh Circuit authority that supports the mosaic or aggregate theory asserted by Kubasiak. The one circuit court, post *Jones,* that directly addressed the aggregate theory distinguished the intrusiveness of video surveillance from law enforcement's use of GPS surveillance. *See United States v. Houston*, 813 F.3d 282, 285 (6th Cir. 2016) (holding that a pole camera which surveilled defendant's backyard for ten weeks did not violate the Fourth Amendment because the pole camera was "not so comprehensive as to monitor [defendant's] every move; [and] was stationary and only recorded activities outdoors on the [property.]"

It is also worth repeating that *Jones* and *Carpenter* notwithstanding, the Supreme Court has held that police may use technology to enhance or substitute for surveillance what they could lawfully conduct themselves. *See Knotts*, 460 U.S. at 282. In other words, what the police can observe of the yard from the public vantage view, they can also observe with binoculars or video cameras. Perhaps in the future, the court of appeals or the Supreme Court will give guidance on what role an aggregate record of activities exposed to the public captured by video surveillance plays in the expectation of privacy analysis. Today, however, no such guidance or authority exists to support Kubasiak's mosaic or aggregate theory.

For these reasons, I find that Kubasiak has not shown a reasonable expectation of privacy in his backyard such that law enforcement violated the Fourth Amendment in

6

surveilling it via a video camera mounted on his neighbor's property. Accordingly, I recommend Kubasiak's motion to suppress be denied.

**NOW, THEREFORE, IT IS RECOMMENDED** that the Kubasaik's motion to suppress evidence from video surveillance (Docket # 31) be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 23rd day of August, 2018.

BY THE COURT

 s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

7

Case 2:18-cr-00120-PP   Filed 08/23/18   Page 7 of 7   Document 39